IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | |
| v. | | No. 10-cr-40032-JPG |
| LATOYA M. MCDANIEL, | | |
| Defendant. | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Latoya M. McDaniel's prospects for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.

On November 4, 2010, the defendant pled guilty to one count of conspiracy to distribute crack cocaine. In February 2011, the Court sentenced the defendant to serve a term of imprisonment of 111 months. In July 2012, the Court of Appeals vacated her sentence, and in January 2013, the Court resentenced the defendant to a term of imprisonment of 78 months. According to the Bureau of Prisons' website, https://www.bop.gov/inmateloc/, McDaniel completed her term of incarceration and was released from custody in August 2016.

The defendant has suggested in the past that recent changes to U.S.S.G. § 2D1.1 may lower her sentence (Doc. 99). Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive as of November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

The Court now considers whether the defendant could be eligible for a reduction under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows the Court to reduce a defendant's previously

imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.   *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Here, the defendant does not satisfy the second criterion; a reduction is inconsistent with the applicable policy statement that permits a reduction only where the defendant is in custody. *See* U.S.S.G. § 1B1.10(a)(1) (allowing a reduction where "a defendant is serving a term of imprisonment").   Additionally, a defendant cannot receive a reduction to a sentence lower than the term she has already served.   U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); *see United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012).   Since the defendant is finished serving her term of imprisonment, cannot receive a sentence lower than that which she has already served, and is currently serving her term of supervised release, any request for a reduction would be denied.

Because the Court does not have the defendant's current address and because she is currently under the supervision of the Probation Office, the Court **DIRECTS** the Clerk of Court to

2

send a copy of this order to the Probation Office, which shall provide the order to the defendant.

**IT IS SO ORDERED.**
**DATED:   July 11, 2017**

                              s/ J. Phil Gilbert_____
                              **J. PHIL GILBERT**
                              **U.S. DISTRICT JUDGE**